IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

| | |
|---|---|
| J. CARL COOPER, *et al.*, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> MICHELLE K. LEE, Deputy Director of U.S. Patent and Trademark Office, *et al.*, <br><br> Defendants-Appellees. | No. 15-1205 |

**MOTION TO TRANSFER**

The government respectfully moves to transfer this appeal to the United States Court of Appeals for the Federal Circuit. Plaintiffs-appellants are patent owners who challenge the authority of the Patent and Trademark Office (PTO) to commence an "inter partes review" of their patents. Congress has expressly channeled appeals from such proceedings to the Federal Circuit. *See* 35 U.S.C. § 141(c) (specifying that a party who is dissatisfied with the PTO's decision in an inter partes review "may appeal the [agency's] decision *only* to the United States Court of Appeals for the Federal Circuit" (emphasis added)).

Plaintiffs in this case have attempted to circumvent that explicit statutory command—as well as the controlling Federal Circuit precedent that would require rejection of their arguments on the merits—by bringing this APA action in federal district court, and by appealing the dismissal of their complaint to this Court. As the

district court explained, however, the APA does not permit a patent owner to bypass such an exclusive administrative review scheme. The Federal Circuit has repeatedly affirmed that its exclusive appellate jurisdiction extends to appeals of this kind, including APA challenges to the constitutionality of the Patent Act and related PTO procedures. *See, e.g.*, *Madstad Eng'g, Inc. v. U.S. Patent and Trademark Office*, 756 F.3d 1366, 1370 (Fed. Cir. 2014). And this Court has recognized that transfer is appropriate whenever a claim would require the Court to resolve a substantial question of patent law, as plaintiffs' arguments here plainly would. *Goldstein v. Moatz*, 364 F.3d 205, 210 n.8 (4th Cir. 2004). For these reasons, and for the reasons discussed in more detail below, transfer is appropriate.

Counsel for plaintiffs-appellants has been contacted and has indicated that plaintiffs-appellants oppose the motion.

## BACKGROUND

Plaintiffs-appellants J. Carl Cooper and eCharge Licensing, LLC are patent owners who are defending their patents in three "inter partes review" proceedings before the PTO's Patent Trial and Appeal Board (Board). Congress established the inter partes review scheme in 2011 as a means of allowing third parties to petition the PTO to reconsider the validity of an issued patent. *See* 35 U.S.C. § 311 *et seq.* The Director of the PTO may institute an inter partes review if she determines that "there is a reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition." *Id.* § 314(a). If the Director elects to institute

such a review, the agency conducts an adversarial proceeding before the Board to reevaluate the patentability of the claims at issue. At the end of the proceeding, which generally must conclude within one year, the Board issues a final written decision. *Id.* § 318. An aggrieved party may appeal the PTO's final written decision "only" to the Federal Circuit. *Id.* § 141(c).

In this case, a third party petitioned the PTO to institute inter partes reviews of plaintiffs' patents. The PTO concluded that there was a "reasonable likelihood" that various claims in plaintiffs' patents were unpatentable as anticipated by the prior art, *see* 35 U.S.C. § 102, and instituted three inter partes reviews. The Board held oral hearings on the inter partes reviews on January 9, 2015, and its final written decisions are due by May 15, 2015.

Rather than await resolution of the inter partes reviews and appeal any adverse decisions to the Federal Circuit, plaintiffs filed this APA action against the PTO and its Director in the United States District Court for the Eastern District of Virginia. Plaintiffs assert that the inter partes review scheme violates Article III of the Constitution and the Seventh Amendment. It is undisputed that plaintiffs could raise such claims on direct appeal from an adverse Board decision to the Federal Circuit. Indeed, there is an appeal currently pending in the Federal Circuit—noticed directly from a final written decision of the Board—that raises a materially identical constitutional challenge. *See MCM Portfolio LLC v. Hewlett-Packard Co.*, No. 15-1091 (Fed. Cir.). Plaintiffs filed an amicus brief in that action, *see id.* (ECF D.I. 30), and are

3

therefore aware that the Federal Circuit would have jurisdiction over their constitutional claims. The Federal Circuit, however, has repeatedly rejected similar constitutional challenges to the Patent Act. *See Joy Techs., Inc. v. Manbeck*, 959 F.2d 226, 228 (Fed. Cir. 1992); *Patlex Corp. v. Mossinghoff*, 758 F.2d 594, 604 (Fed. Cir. 1985). Presumably for that reason, plaintiffs have attempted to bypass the Federal Circuit and assert their constitutional claim in this APA action instead.

The district court granted summary judgment for the Director. *See Cooper v. Lee*, -- F. Supp. 3d --, 2015 WL 686041, *1 (E.D. Va. Feb. 18, 2015). The court held that plaintiffs failed to exhaust their administrative remedies when they brought suit in federal court prior to the resolution of the inter partes review. The court explained that "the language of the [inter partes review] statute, its statutory scheme and procedures for appellate review, and the designation of the Federal Circuit as the tribunal for judicial review, together evince congressional intent that the administrative process shall conclude before any judicial review of [the Board's] decisions." *Id.* at *6. The court further noted that "the Federal Circuit has twice upheld the constitutionality of PTO administrative proceedings concerning the reexamination of issued patents that are similar to inter partes review," and that plaintiffs' constitutional claims would therefore probably "ultimately fail." *Id.* at *7-8.

Rather than appeal to the Federal Circuit, plaintiffs appealed to this Court.

## ARGUMENT

This appeal should be transferred to the Federal Circuit. The Federal Circuit is

4

the specialized court of appeals to which Congress has explicitly channeled all appeals arising from inter partes review proceedings, *see* 35 U.S.C. § 141(c), and to which it has granted "exclusive jurisdiction" of appeals from final district court decisions "in any civil action arising under . . . any Act of Congress relating to patents." 28 U.S.C. § 1295(a)(1).  An action "arises under" the patent laws if it necessarily raises a disputed and substantial question of patent law. *See Gunn v. Minton*, 133 S. Ct. 1059, 1065 (2013); *Goldstein v. Moatz*, 364 F.3d 205, 210 n.8 (4th Cir. 2004) (transfer to the Federal Circuit is required where a claim is "created by federal patent law []or require[s] us to resolve a substantial question of patent law").  Because plaintiffs' complaint requires the resolution of substantial questions of federal patent law, and because the Federal Circuit has repeatedly affirmed that its exclusive jurisdiction extends to appeals of this kind, transfer is appropriate.  *See* 28 U.S.C. § 1631.

     Plaintiffs' constitutional challenge to the inter partes review process plainly raises a substantial question of patent law subject to the exclusive jurisdiction of the Federal Circuit.  Plaintiffs are patent owners embroiled in an ongoing PTO proceeding, and they challenge the process by which PTO reviews the validity of previously issued patents.  Congress enacted that review process to "establish a more efficient and streamlined *patent system* that will improve *patent* quality and limit unnecessary and counterproductive litigation costs." H.R. Rep. No. 112-98(I), at 40 (2011) (emphases added).

     Indeed, to resolve plaintiffs' Article III and Seventh Amendment challenges,

5

the Court will be required to determine, *inter alia*, the nature of the rights conferred on patent owners under the Patent Act and whether those rights constitute the sort of "public rights" that Congress may permissibly delegate to a non-Article III tribunal for adjudication. The Supreme Court has emphasized that "what makes a right 'public' rather than private is that the right is integrally related to a particular federal government action." *Stern v. Marshall*, 131 S. Ct. 2594, 2611 (2011). On its face, therefore, plaintiffs' complaint requires the resolution of a substantial question of federal patent law: whether the rights that are determined in inter partes review proceedings under 35 U.S.C. § 311 are "integrally related" to matters that Congress has permissibly delegated to the PTO in the Patent Act.

Because patent law thus forms "the heart of the parties' dispute," it is within the Federal Circuit's exclusive jurisdiction irrespective of plaintiffs' characterization of their complaint. *See Madstad Eng'g*, 756 F.3d at 1370. In *Madstad Engineering*, the Federal Circuit reaffirmed that "a claim attacking the constitutionality of an Act of Congress relating to patents is one arising under that Act of Congress" within the meaning of 28 U.S.C. § 1295(a)(1), notwithstanding that the plaintiffs had framed their complaint as arising under the Constitution. 756 F.3d at 1370; *see also Patlex Corp. v. Mossinghoff*, 758 F.2d 594 (Fed. Cir. 1985) (exercising jurisdiction over Seventh Amendment challenge to a PTO patent review process).

The Federal Circuit has also repeatedly held that its exclusive jurisdiction extends to appeals in APA cases implicating substantial questions of patent law. In

6

*Helfgott & Karas, P.C. v. Dickinson*, 209 F.3d 1328, 1335 (Fed. Cir. 2000), for example, a plaintiff brought an APA claim challenging the PTO Commissioner's refusal to permit the correction of a patent application pursuant to the Patent Cooperation Treaty. The court concluded that the question whether the Commissioner "violated the APA in applying the [Patent Cooperation Treaty] rules and regulations" raised a substantial question under the patent laws. *Id.* at 1334. The court therefore held that "the sole avenue of appeal for these claims is to [the Federal Circuit]." *Id.; see also Star Fruits S.N.C. v. United States*, 393 F.3d 1277, 1281 (Fed. Cir. 2005) ("Because this claim, brought pursuant to the Administrative Procedure Act, involves the Director's duties in the course of examining or treating a matter in an application in a patent, . . . it raises a substantial question under the patent laws, and, accordingly, we have jurisdiction.") (quotation marks, citations, and alterations omitted).

Accordingly, the district court appropriately relied on Federal Circuit precedent to reach its holding, and it appears to have assumed that the Federal Circuit would hear any appeal. *See, e.g., Cooper*, 2015 WL 686041, at *2 (noting that "the Federal Circuit's decisions in *Patlex v. Mossinghoff* and *Joy Techs., Inc. v. Manbeck* suggest that Plaintiffs' challenge will ultimately fail" (citations omitted)); *id.* at *3 (explaining that the outcome of an inter partes review would properly "be appealed to the Federal Circuit"); *id.* at *6 (noting Congress' "designation of the Federal Circuit as the tribunal for judicial review" of inter partes review disputes).

For the foregoing reasons, this appeal should be transferred to the Federal

Circuit. *See* 28 U.S.C. § 1631 (when a court with whom a civil action has been filed "finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed").

## CONCLUSION

For the foregoing reasons, this appeal should be transferred to the United States Court of Appeals for the Federal Circuit pursuant to 28 U.S.C. § 1631.

                                  Respectfully submitted,

                                  MARK R. FREEMAN
                                   (202) 514-5714

                                 /s/ *William E. Havemann*
                                WILLIAM E. HAVEMANN
                                   (202) 514-8877
                                Attorneys
                                Civil Division, Appellate Staff
                                U.S. Department of Justice
                                950 Pennsylvania Ave., N.W., Rm. 7515
                                Washington, DC  20530

MARCH 2015

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Fourth Circuit by using the appellate CM/ECF system on March 16, 2015. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

/s/ *William E. Havemann*
WILLIAM E. HAVEMANN